IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

and

DONNELL ADDISON, et. al.

        Intervening Plaintiffs,

v.                                                                                               No. 05-2717 B

TRI-STATE PLUMBING, HEATING & AIR
CONDITIONING CONTRACTORS, INC.; UNITED
ASSOCIATION OF PLUMBERS, PIPEFITTERS AND
SPRINKLERFITTERS, PLUMBERS LOCAL UNION
N0. 17; and UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPE FITTING INDUSTRY OF
THE UNITED STATES AND CANADA, AFL-CIO,

        Defendants.
_____

ORDER DENYING MOTION TO DISMISS OF DEFENDANT UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING
INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO
_____

        The Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brought the instant action against Defendants Tri-State Plumbing, Heating & Air Conditioning Contractors, Inc. ("Tri-State") and United Association of Plumbers, Pipefitters & Sprinklerfitters, Plumbers Local Union No. 17 ("Local 17") on behalf of certain individuals who were employed by Tri-State and members of Local 17, arising out of allegations that the Defendants violated Title VII of the Civil Rights Act

of 1964.  On December 2, 2005, Donnell Addison, Karen Alexander, Eddie Anderson, Keith Clark, Billy Herring, Kendrick Hunt, Roy Oliver, and Fred Wiggings, ("IPs"), filed a motion to intervene, which the Court granted on January 6, 2006.  Thereafter, the IPs filed an amended complaint, naming United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("UA") as a Defendant.  Before the Court is UA's motion to dismiss for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  The IPs have responded, UA has replied, and this motion is now appropriate for disposition.

The IPs have alleged in their amended complaint that the Defendants "subjected African American employees and union members to unlawful discrimination because of their race and to unlawful retaliation for opposing practices made unlawful by Title VII . . . ."  (Am. Compl. at 2). They set forth the following facts relevant to their claims against UA.  The IPs were employed by Tri-State and were members of Local 17 when they filed a charge of discrimination with the EEOC against UA and Local 17.  (Am. Compl. ¶ 15).  Although the IPs contend UA "was aware of said Charges of Discrimination" based on its working relationship with Local 17, they did not name UA in their filing with the EEOC.  (Id.).  With regard to UA's liability, the IPs contend that it failed to "sufficiently control[] the operations of Local 17 . . . and failed to prevent and/or protect Plaintiffs from the discriminatory conduct . . . ."  (Am. Compl. ¶ 29).  The IPs further contend that UA engaged in a conspiracy to allow non-minority union members who were from other areas of the country to "work through Local 17 despite the fact that the Intervening Plaintiffs were told that there was no work for them."  (Id.).  Based on the foregoing allegations, the IPs assert against UA violations of 42 U.S.C. §§ 1981 and 1985(3).  However, the amended complaint does not include

2

a claim against this Defendant for a violation of 42 U.S.C. § 2000 et seq.[1]  (Am. Compl. ¶¶ 36-39).

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "[t]o avoid dismissal

---

[1] In its motion to dismiss, UA states,

> While Count I of the amended complaint, the 42 U.S.C. § 2000e et seq. (Title VII) claim, is not drafted to include the UA, this motion will address Title VII because such a claim *was* brought against the UA in the original Complaint, was argued in the Intervenors' Opposition to the UA's first motion to dismiss, and appears to be referenced in paragraphs 15, 28, and 32 of the amended complaint.

(Def.'s Mot to Dismiss at 3 n.1).  UA thereafter argues that if the IPs' amended complaint is construed to assert a cause of action against it under Title VII, it must be dismissed for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies as the IPs did not file a charge of discrimination against UA with the EEOC. See Fed. R. Civ. P. 12(b)(1).  The Court finds that the amended complaint, as drafted, fails to state a cause of action against UA under Title VII.  In this regard, the Court notes that the amended complaint, which superseded the original complaint, specifically names UA in claims under sections 1981 and 1985(3) but fails to identify UA as violating section 2000e.  See, e.g., 6 Charles Alan Wright et al., Federal Practice & Procedure *Civil 2d*, § 1476, at 556-58 ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").  In making this determination, the Court further observes that the IPs do not contend in their response to UA's motion to dismiss that the amended complaint states a cause of action against UA for violating section 2000e.

3

under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

In its motion to dismiss, UA contends that the IPs have pled insufficient facts to establish an agency relationship through which UA could be held liable for the actions of Local 17. In response, the IPs assert that "whether [UA] exerted sufficient control over the Local is a fact issue, and must be developed through discovery." (Intervening Pls.' Resp. in Opp. to Def.'s Mot to Dismiss at 4). The IPs further argue that under the Rule 12(b)(6) standard, their amended complaint contains sufficient allegations as to an agency relationship to withstand dismissal.

The two statutes at issue are, 42 U.S.C. § 1981, which provides,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other[,]

and 42 U.S.C. § 1985(3), which provides,

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[,] . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The violation of these laws goes to the heart of the claim against Local 17 but the IPs must present an appropriate accusation tying UA to the actions of the Local. In Carbon Fuel Co. v. United Mine Workers of America, the United States Supreme Court held that pursuant to the Labor

4

Management Relations Act, 29 U.S.C. § 185, an international union may only be held liable for the actions of one of its local unions under traditional common-law agency principles such as the doctrine of respondeat superior. 444 U.S. 212, 216-17, 100 S. Ct. 410, 413-14 (1979). In that same context, the Sixth Circuit has recognized that

> [c]ommon law agency theories of vicarious liability govern the liability of international labor organizations for the acts of their local unions that violate Title VII and § 1981. At common law, a principal may be held liable for the intentional torts of its agent if the agent's conduct is within the scope of his agency and if, with the knowledge of the conditions, the principal intends the conduct or its consequences. In other words, in a case such as this, a plaintiff must adduce specific evidence that the international instigated, supported, ratified, or encouraged those actions, or that what was done was done by their agents in accordance with their fundamental agreement of association. Furthermore, where an agency relationship exists, international unions are not only vicariously liable, they have an affirmative duty to oppose the local's discriminatory conduct. Thus, as a general proposition international labor unions must bear a heavy responsibility in giving effect to the remedial provisions of both Title VII and § 1981.

Alexander v. Local 496, Laborers' Int'l. Union of N. Am., 177 F.3d 394, 409 (6th Cir. 1999) (internal citations, quotations, and footnote omitted).

UA has relied on Carbon Fuel Co. in support of its position that the IPs have failed to sufficiently allege an agency relationship between UA and Local 17. UA also cites to various federal cases it contends support its argument for dismissal. See, e.g., Borowiec v. Local 1570, 889 F.2d 23, 26 (1st Cir. 1989) ("A plaintiff seeking to place liability on an international for a local's allegedly illegal conduct must further show that the local acted as the international's agent or that the international independently participated in the unlawful conduct."); Shimman v. Frank, 625 F.2d 80, 97 (6th Cir. 1980) ("The acts of the local and its agents cannot automatically be imputed to the International."), overruled on other grounds by, Shimman v. Int'l Union of Operating Eng'rs, Local

5

18, 744 F.2d 1226 (6th Cir. 1984).  However, in none of the authorities cited by the Defendant was the court considering a motion under Federal Rule of Civil Procedure 12(b)(6).[2]  See Borowiec, 889 F.2d at 28 (1st Cir. 1989) (summary judgment); Rodonich v. House Wreckers Union, Local 95 of Laborers' Int'l Union, 817 F.2d 967 (2d Cir. 1987) (jury trial); Shimman, 625 F.2d at 80 (bench trial); Walters v. Int'l Ass'n of Plumbers & Steamfitters, 323 F.2d 578 (6th Cir. 1963) (bench trial); and Borg-Warner Corp. v. United Ass'n of Journeyman & Apprentices of the Plumbers & Pipe Fitting Indus., 473 F. Supp. 896 (S.D. Fla. 1979) (motion for summary judgment).

Although UA is correct in its assertion that these cases stand for the general proposition that an agency relationship must be established in order to hold an international union liable, UA misapprehends the applicability of the decisions to the instant motion.  Here, UA has moved to dismiss for failure to state a claim.  Under that standard of review, the Court is constrained to consider the evidence "in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff, 133 F.3d at 421.  In contrast, a Rule 56 motion looks to whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," thereby entitling "the moving party . . . to a judgment as a matter of law."  Fed. R. Civ. P.

---

[2]Although one case cited by the Defendant was before the district court on a motion to dismiss, the court converted it to one for summary judgment under Rule 56 as the parties submitted matters outside of the pleadings.  See Allied Mech. Servs. v. Local 337 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., 1999 U.S. Dist. LEXIS 4654 (W.D. Mich. March 13, 1999); see also Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .").

56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988).

In their Complaint, the IPs allege the following with regard to Defendant UA:

> Upon information and/or belief, Defendant United Association, which sufficiently controlled the operations of Local 17, was aware of said [discriminatory] practices and failed to prevent and/or protect Plaintiffs from the discriminatory conduct in spite of its obligations under federal antidiscrimination laws and its own constitution. Upon information and/or belief, Defendant United Association was aware of the racial demographics of the Memphis-Shelby County area, was aware of the underrepresentation of African-American members in Defendant Local 17, was aware that some or all of Plaintiffs were treated differently with respect to apprenticeship training, and was aware that African-American union members and applicants for membership were the victims of disparate treatment at the hands of Local 17 officers and/or agents, yet demonstrated a studied ambivalence toward the illegal conduct. Local 17 and the United Association allowed and encouraged "traveling" members from other locals to work through Local 17 despite the fact that the Intervening Plaintiffs were told that there was no work for them. These "traveling" members were mostly non-minorities. Upon information and belief, the United Association knew of the existence of travelers working through Local 17 and that the Intervening Plaintiffs, and those similarly situated to them, were unemployed. Consequently, and in addition thereto, upon information and/or belief, the United Association encouraged, ratified, authorized[,] conducted, and/or condoned the discriminatory course of conduct of Local 17 by and through its officers and/or agents.

(Am. Compl. ¶ 29).

In their amended complaint, the IPs allege that the Defendant knew of and approved the discriminatory conduct of Local 17. Moreover, they contend that UA conspired with Local 17 to bring in "travelers," who were mainly non-minorities to work through Local 17. Based on the liberal notice pleading requirements, the Court finds that the IPs' allegation that UA conspired with Local 17 to allow "travelers," who were non-minorities, to work through Local 17, thereby taking the IPs' jobs, constitutes a "direct or inferential allegation[]" sufficient to withstand a motion to

dismiss the claims under 42 U.S.C. §§ 1981 and 1985(3) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Wittstock, 330 F.3d at 902.  Thus, the motion to dismiss for failure to state a claim is DENIED.

**IT IS SO ORDERED** this 27th day of February, 2007.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE