IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

and

DONNELL ADDISON, et al.,

      Intervening Plaintiffs,

v.           No. 05-2717 B

TRI-STATE PLUMBING, HEATING & AIR
CONDITIONING CONTRACTORS, INC.; UNITED
ASSOCIATION OF PLUMBERS, PIPEFITTERS AND
SPRINKLERFITTERS, PLUMBERS LOCAL UNION
NO. 17; and UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPE FITTING INDUSTRY OF
THE UNITED STATES AND CANADA, AFL-CIO,

      Defendants.
_____

ORDER DENYING MOTION TO DISMISS OF DEFENDANT TRI-STATE PLUMBING,
HEATING & AIR CONDITIONING CONTRACTORS, INC.
_____

The Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brought the instant action against Defendants Tri-State Plumbing, Heating & Air Conditioning Contractors, Inc. ("Tri-State") and United Association of Plumbers, Pipefitters & Sprinklerfitters, Plumbers Local Union No. 17 ("Local 17") on behalf of certain individuals who were employed by Tri-State and members of Local 17, arising out of allegations that the Defendants violated Title VII of the Civil Rights Act of 1964. On December 2, 2005, several former Tri-State employees,

Donnell Addison, Karen Alexander, Eddie Anderson, Keith Clark, Billy Herring, Kendrick Hunt, Roy Oliver, and Fred Wiggins, filed a motion to intervene, which the Court granted on January 6, 2006.  Thereafter, the intervening plaintiffs filed an amended complaint, naming United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("UA") as a Defendant. Before the Court is Tri-State's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The EEOC has responded, and this motion is appropriate for disposition. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the complaint, Tri-State discriminated against several of its employees on the basis of sex and race.  (Compl. ¶¶ 10-27.)  Specifically, certain "African American employees were subjected to racially derogatory comments, racially derogatory graffiti, and other unwelcome conduct based on race . . . ." (Compl. ¶11.)  They were also assigned less desirable jobs than similarly situated white employees and denied the opportunity to work overtime.  (Compl. ¶¶ 15-16.)  The complaint also contends that a female employee was similarly denied overtime work on the basis of her sex.  (Compl. ¶ 17.)  Tri-State subsequently fired several employees, either on the basis of race, or because they complained about discriminatory treatment.  (Compl. ¶¶ 18, 20-21.)

After investigating the charges of discrimination by several former Tri-State employees, the EEOC found that there was reasonable cause to believe that they had been unlawfully discriminated against.  (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss at 2.)  The EEOC filed the complaint in this case on September 29, 2005, after determining that its attempt at

2

conciliation with Tri-State had failed. (Id. at 3.) Tri-State argues that the complaint must be dismissed because the EEOC's attempt at conciliation was not in good faith. (Def.'s Memo. in Supp. of Mot. to Dismiss at 2.)

## STANDARD OF REVIEW

Tri-State asks the Court to dismiss the complaint either pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). A Rule 12(b)(6) motion shall be converted into a motion for summary judgment when materials outside the pleading are presented to and accepted by the court. See Fed. R. Civ. P. 12(b) ("If, *on a motion asserting the defense numbered (6)* to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56 . . . .") (emphasis added). In this case, Tri-State supports its motion with an affidavit by its counsel and exhibits from the EEOC's files. In addition, the EEOC has attached to its response to the motion several affidavits and exhibits in support. Because the Court will consider these materials, it shall treat Tri-State's motion as one under Federal Rule of Civil Procedure 56.

> Rule 56 (c) provides that a
>
> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

ANALYSIS

Before the EEOC may bring a Title VII action against an employer, it has a statutory duty to investigate the charge of discrimination and, if there is reasonable cause to believe the charge, it must "make a good faith effort to conciliate the claim." EEOC v. Keco Indus., 748 F.2d 1097, 1102 (6th Cir. 1984); see also 42 U.S.C. § 2000e-5(f)(1) ("If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action

against any respondent . . . ."). For the conciliation effort to be considered in good faith, the EEOC need only make a "sincere and reasonable effort" by providing the employer with "an adequate opportunity to respond to all charges and negotiate possible settlements." <u>EEOC v. Spectrum Health Worth Home Care, Inc.</u>, No. 1:05-CV-446, 2006 WL 519779, at *6 (W.D. Mich. March 2, 2006) (citations and internal quotations omitted). The EEOC "is under no duty to attempt further conciliation" if the employer rejects its offer. <u>Keco Indus</u>, 748 F.2d at 1101-02. The "form and substance" of conciliations lies within the discretion of the EEOC and is beyond judicial review. <u>Id.</u> at 1102. District courts "should only determine whether the EEOC made an attempt at conciliation." <u>Id.</u> at 1102.

In support of its motion, Tri-State cites <u>EEOC v. Asplundh Tree Expert Co.</u>, 340 F.3d 1256, 1259-60 (11th Cir. 2003), wherein the Eleventh Circuit held that the EEOC failed to satisfy the statutory requirement of conciliation when the agency took three years to investigate a charge and then provided the employer with only twelve days to accept, reject or provide a counter-offer to its proposed conciliation agreement. Furthermore, in <u>Asplundh</u>, the EEOC failed to identify any legal theory on which the employer could be held liable, when the discriminatory conduct was committed not by one of its own employees, but a city employee. <u>Id.</u> at 1259. Thus, the court found that the EEOC's conduct "'smack[ed] more of coercion than of conciliation'" and condemned the agency's all-or-nothing approach. <u>Id.</u> at 1260 (quoting <u>EEOC v. Pet, Inc., Funsten Nut Div</u>., 612 F.2d 1001, 1002 (5th Cir. 1980)). Tri-State also relies on <u>EEOC v. One Bratenhal Place Condo. Assoc.</u>, 644 F. Supp. 218, 219-21 (N.D. Ohio 1986), wherein the court concluded that the EEOC failed to make a good faith effort to conciliate the claim when only one telephone conversation took place between the parties before the EEOC determined that its effort to settle the claim was unsuccessful, despite the fact that the employer allegedly expressed an interest in meeting and negotiating further. The court determined that this single discussion did not provide the employer with "'an adequate opportunity to respond to all charges and negotiate proper settlements.'" <u>Id.</u> at 221 (quoting

Marshall v. Hartford Fire Ins. Co., 78 F.R.D. 97, 103 (D. Conn. 1978)).  In making that determination, the court declined to consider evidence that the employer expressed no interest in negotiating a settlement during the investigation of the charges, because "the conciliation effort '. . . in theory, *follows* an investigation and a finding of reasonable cause.'"  Id. at 221 (quoting EEOC v. Dayton Tire & Rubber Co., 573 F. Supp. 782, 784 n.3 (1983)) (emphasis in the original).

In this case, it is undisputed that on July 29, 2006, the EEOC sent the Defendant several proposed conciliation agreements and letters inviting it to engage in conciliation discussions to resolve the charges of discrimination.  (Attach. to Def.'s Memo in Supp. of Mot. to Dismiss at 49 & 52; Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, Ex. B to Bonner Aff.)  The EEOC requested that Tri-State sign and return the agreements by August 12, 2005, if they met with the employer's approval.  On August 11, 2005, Tri-State's attorney called the EEOC and notified it that his client was interested in resolving the charges through conciliation, but that he had some concerns that he would communicate in writing.  (Attach. to Def.'s Memo in Supp. of Mot. to Dismiss at 6.) On August 19, 2005, Tri-State sent the Plaintiff a letter that challenged the basis for the EEOC's determination that its employees were the subject of discrimination.  (Id. at 61-62 (stating, for example that there was "absolutely no proof" that racially derogatory graffiti at the work was put there by anyone connected with Tri-State or that African American employees were assigned less desirable jobs).)  The correspondence concluded with a request that the EEOC reconsider its findings, but stated that if it did not, the Defendant would be willing to attempt conciliation if provided with the basis for the EEOC's calculation of damages and attorney's fees.  (Id. at 62.)  On August 25, 2005, the EEOC responded with a letter in which it refused to reconsider its findings. (Id. at 63.)  It also expressed confusion at Tri-State's request for  more information about its damages calculation and asked whether Tri-State was saying that it would be "willing to pay back

pay, compensatory damages, and attorney fees if the supporting information [it] requested is provided and the [EEOC] and [Tri-State] are able to agree on the appropriate amounts of back pay, compensatory damages, and attorney fees?" (Id.)  The EEOC requested a response by August 30, 2005. (Id. at 64.)  The Defendant answered in a curt letter dated August 31, 2005, stating that it was "unreasonable for the [EEOC] to simply state numbers . . . with no apparent rational basis and expect [Tri-State] to agree." (Id. at 65.)  Further, the employer stressed that they were " not saying at this point that [Tri-State] agrees to pay the amounts suggested by the [EEOC] or even that [Tri-State] is willing to pay any amounts . . . ." (Id.)  Last, the Defendant suggested that if it were provided with the "requested information," it would "make a prompt decision as to whether to continue conciliation efforts . . . ." (Id.)  After receiving this letter, the EEOC called Tri-State on September 2, 2005, to declare that the conciliation process had failed. (Id. at 66.)

     Drawing all inferences in a light most favorable to the EEOC, the Court concludes that the correspondence between the parties reveals that the EEOC provided Tri-State with an adequate opportunity to respond to the charges and negotiate a possible settlement, therefore fulfilling its obligation under Title VII to conciliate in good faith before filing suit. See Matsushita Elec. Indus. Co., 475 U.S. at 587.  Unlike in Asplundh, the EEOC did not adopt an all-or-nothing approach, as it extended its deadline for accepting the agreements in order to allow the Defendant to voice concerns. See Asplundh Tree Expert Co., 340 F.3d at 1259-60.  And in contrast to One Bratenhal, the Plaintiff attempted to address those concerns in its August 25, 2005, letter, when it reaffirmed its findings and asked Tri-State to clarify whether it would be willing to pay back pay, compensatory damages, and attorney fees, *if* the basis for those damages was established and *if* the parties could reach agreement on the amounts. See One Bratenhal Place Condo. Assoc., 644 F. Supp. at 219-21.

Tri-State mischaracterizes this question as a request for "a commitment to pay the claimed damages if support for those damages were provided," although the EEOC was clearly asking whether the Defendant was willing to any pay damages at all. (Def.'s Memo in Supp. of Mot. to Dismiss at 9.) It was not unreasonable for the EEOC to interpret Tri-State's August 31, 2005, response, reprimanding it for simply expecting Tri-State to agree to its calculations and indicating that it would unlikely agree to pay anything, as a rejection of its offer and to terminate conciliation. See Spectrum Health Worth Home Care Inc., 2006 WL 519779, at *6 ("In considering whether the EEOC has fulfilled its duty to conciliate, courts often note that because conciliation requires at least two parties, one party's conciliation efforts should be evaluated with an eye to the conduct of the other party.") (citation and internal quotation omitted). Thus, the EEOC fulfilled its duty to make an attempt at conciliation. See Keco Indus, 748 F.2d at 1101-02.

The Defendant contends that the fact that no meetings took place between the parties proves that the EEOC was unresponsive and unreasonable. (Def.'s Memo. in Supp. of Mot. to Dismiss at 12.) However, Tri-State did not request a meeting either in its August 19, 2005, or in its August 31, 2005, letter to the EEOC. (See Attach. to Def.'s Memo in Supp. of Mot. to Dismiss at 61-62, 65.) The Defendant claims that the EEOC's bad faith is further reflected in the fact that the conciliation process lasted only a month, making it "one of the shortest on record." (Def.'s Memo. in Supp. of Mot. to Dismiss at 12.) Yet, another district court in this Circuit has found nothing wrong with a conciliation period that lasted only one month. See EEOC v. Kaiser Found. Health Plan, Inc., No. 1:98CV2839, 1999 WL 4201166 (N.D. Ohio May 12, 1999).

Tri-State also asserts that the Plaintiff acted in bad faith because it failed to explain the basis of the charges of discrimination. (Def.'s Memo in Supp. of Mot. to Dismiss at 13.) In Asplundh,

8

the Eleventh Circuit held that for the EEOC's effort at conciliation to be considered reasonable, the basis for the EEOC's charges have to be explained to the employer. Asplundh Tree Expert Co., 340 F.3d at 1260. However, Tri-State's August 19, 2005, letter demonstrates that it understood the reasoning for the EEOC's charges against it, as it refutes them in detail.[1] Last, the employer asserts that the EEOC conspired with the intervening plaintiffs' counsel to derail the conciliation process. Tri-State's strongest evidence is a July 19, 2004 entry in the EEOC's ADR Mediation Log, which notes that the charging parties' attorney "advised not to mediate." (Attach. to Def.'s Memo in Supp. of Mot. to Dismiss at 4.) However, that notation is contradicted by an August 8, 2005, letter sent from the charging parties' attorney to the EEOC in which the attorney expresses his hope that "conciliation in this matter is successful." (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, Ex. D to Bonner Aff.) Furthermore, there is no evidence that the EEOC followed the attorney's direction not to mediate. Thus, viewing the facts in the light most favorable to the nonmoving party, the Court cannot conclude that the EEOC acted in bad faith by conspiring with the charging parties' attorney to prevent a conciliation. See Matsushita Elec. Indus. Co., 475 U.S. at 587.

For the reasons articulated herein, the Court finds that the EEOC fulfilled its obligation under Title VII to conciliate in good faith before filing suit and therefore **DENIES** Tri-State's motion for summary judgment.[2]

---

[1] The Defendant also cites EEOC v. Sara Lee Corp, 923 F. Supp. 994, 1000 (W.D. Mich. 1995) for the proposition that the EEOC must discuss the merits of individual cases with the employer before it seeks retrospective relief, such as back pay. (Def.'s Memo in Supp. of Mot. to Dismiss at 13.) However, that case involved the Age Discrimination in Employment Act of 1967, and the Defendant has presented no authority for a similar application of this rule to cases under Title VII.

[2] Because the Court finds that the EEOC made a good faith effort to conciliate the claim, it also concludes that the Defendant's request for relief pursuant to Rule 12(b)(1) of the Federal

**IT IS SO ORDERED** this 21st day of August, 2007.

                                                    s/ J. DANIEL BREEN
                                                   UNITED STATES DISTRICT JUDGE

---

Rules of Civil Procedure, for lack of subject matter jurisdiction, is without merit.